UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20877-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

ROBERTO DIP,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Darrin P. Gayles and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Roberto Dip ("Dip"). Pursuant to such reference the undersigned conducted a change of plea hearing on November 30, 2018, which was attended by Dip, his attorney, Joel Denaro, and Joseph C. Folio III, U.S. Department of Justice Counsel. The undersigned hereby advises as follows:

1. At the commencement of the change of plea proceedings, the undersigned advised Dip that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. Dip was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Dip, his attorney, and the U.S. Department of Justice attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Dip that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing at a time to be scheduled by the District Judge.

2. The undersigned then conducted a plea colloquy with Dip consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

3. The undersigned advised Dip of the sentence possibilities as to Count 1 of the Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release. Dip was advised that the offense charged in the Indictment to which he was pleading guilty carries a maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. Additionally, the District Judge may impose a fine of up to the greatest of (1) $1,000,000.00, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators; and there is a mandatory special assessment of $100.00. Dip was also advised that the Court may order restitution, and that he may be subject to deportation.

4. Dip acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

5. Dip pled guilty to the sole count of the Information, namely, participating in a conspiracy to suppress and eliminate competition by agreeing to increase, fix, stabilize, and maintain prices charged to customers for freight forwarding services provided in the United States and elsewhere, in violation of the Sherman Antitrust Act, Title 15, United States Code, Section 1.

6. The government submitted a factual proffer for the guilty plea which consisted of all of the essential elements of the offense to which Dip pled guilty.

7. Dip was informed that a Pre-Sentence Investigation Report will be ordered by the District Judge. Dip will remain on bond pending imposition of sentence. The sentencing hearing will be conducted by the District Judge at a time to be scheduled by the District Judge.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Dip be found to have freely and voluntarily entered his guilty plea to the sole count of the Information, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing as scheduled by the District Judge be conducted for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 30th day of November, 2018.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  United States District Judge Darrin P. Gayles
     Counsel of Record